**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE IVAN CASTILLO SANCHEZ,

Petitioner,

v. No. 2:26-cv-03511-KG-GJF

FNU LNU, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jorge Ivan Castillo Sanchez's ("Petitioner") pro se Amended Petition for a Writ of Habeas Corpus ("Amended Petition"), Doc. 9, and the Response, Doc. 10. For the reasons below, the Court denies the Amended Petition.

## *I. Background*

Petitioner is a native and citizen of Mexico who entered the United States without inspection, admission, or parole at an unknown date and time. Doc. 10 at 1–2; Doc. 10-1 at 1–4. On September 15, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in Las Cruces, New Mexico. Doc. 9 at 3; Doc. 10-1 at 2. Removal proceedings are ongoing, and he is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 9 at 2–3.

On October 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") challenging the legal basis for his detention. *See* Doc. 1 at 4–9. At that time, Petitioner "ha[d] not yet requested an immigration bond determination." *Id.* at 3, 5. On October 23, 2026, Petitioner filed an Amended Petition, again seeking immediate release from custody. *See* Doc. 9 Between the time of filing the Petition and Amended Petition, however, Petitioner requested and

received a bond hearing, which occurred on October 23, 2026. *See* Doc. 10-2 at 1–2. Following the hearing, the Immigration Judge ("IJ") denied bond. *Id.* at 1. The written order identified seven reasons for the denial: (1)" [f]light risk;" (2) "no fear of return to his home country;" (3) "no relief on file;" (4) "non-viable sponsor;" (5) "no fixed address or proof of financial ability to sponsor respondent;" (6) "[n]o permission to work;" and (7) "[Petitioner] was afforded Voluntary Departure in 2013[.]" *Id.*

The Amended Petition continues to challenge the lawfulness of his detention and seeks another individualized bond hearing before an IJ, or, in the alternative, immediate release. Doc. 9 at 8–9. Respondents oppose the Motion. *See* Doc. 10. They contend the Court lacks jurisdiction to review the IJ's discretionary decision to deny bond. *Id.* at 2–4.

***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the

Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## ***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner has already received an individualized bond hearing. *See* Doc. 10-2 at 1–2. At that hearing, the IJ found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 1. The IJ also found that Petitioner did not have permission to work and was afforded voluntary departure

in 2013. *Id.* Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies due process.

### *IV. Conclusion*

For the reasons above, Court denies the Amended Petition, Doc. 9.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales___________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.